IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **ROGER MICHAEL GILL et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**REMAR INVESTMANTS, LP,**<br><br>Defendant. | Case No. 2:15-cv-00469-PMW<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>**Magistrate Judge Paul M. Warner** |

Before the court is a motion by plaintiffs Roger Michael Gill, Douglas Brandon Horrocks, and Jeremy Gilbert Wootens ("Plaintiffs") to stay arbitration.[1] For the reasons discussed below, Plaintiffs' motion is **DENIED**.

## BACKGROUND

In May 2012, Plaintiffs each agreed in writing to act as guarantors of payment and performance by obligor LHC-3, LLC ("LHC3") to lender Defendant Remar Investments, LP ("Defendant").[2] Plaintiffs appear to have been members of and doing business as LHC3.[3] Each guaranty includes the same arbitration provision:

> ARBITRATION. Lender and obligor and Guarantor agree that all disputes, claims and controversies between them whether individual, joint, or class in nature arising from the Guaranty or otherwise, including without limitation contract or tort disputes, shall be arbitrated in San Diego, California, upon request of any party, by a panel of three arbitrators, pursuant to the rules of the commercial arbitration of the American Arbitration Association or its successor in effect at the

---

[1] Docket no. 3.
[2] Docket no. 2-2 at 27, 30, and 33.
[3] Docket no. 10 at 1.

time the claim is filed. . . . Any arbitration award shall be final and binding. No act to take or dispose of any Collateral shall constitute a waiver of this arbitration agreement or be prohibitive by this agreement.[4]

As of May 2013, LHC-3 failed to repay amounts due and owing to Defendant.[5] Plaintiffs contend that the parties reached an agreement that fulfilled Plaintiffs' obligations as guarantors in exchange for the transfer and assignment of certain assets.[6] However, Defendant disputes that Plaintiffs were released as guarantors and filed an arbitration demand in February 2015 pursuant to the terms of the guaranties.[7] The arbitration demand includes claims against Plaintiffs for breach of commercial guaranty, fraud, conversion, accounting, and to avoid and recover fraudulent transfers.[8] On April 20, 2015, the parties were notified of the appointment of their respective arbitrator selections.[9]

In May 2015, Plaintiffs filed a "Declaratory Judgment" initial pleading in Utah state court and a motion to stay the arbitration.[10] Thereafter, Defendant removed the action to federal court.[11]

## ANALYSIS

Plaintiffs fail to state a factual or legal basis for staying the arbitration. The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, establishes a strong federal policy in favor of compelling arbitration over litigation. *See Southland Corp. v. Keating*, 465 U.S. 1, 11 (1984); *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 104 (3d Cir. 2000). The FAA states:

---

[4] Docket no. 2-2 at 3.
[5] Docket no. 2-2 at 3.
[6] Docket no. 2-2 at 3.
[7] Docket no. 10 at 3.
[8] Docket no. 10 at 3.
[9] Docket no. 10 at 4.
[10] Docket nos. 2 and 3.
[11] Docket nos. 2.

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration *a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof*, [ . . . ] *shall be valid, irrevocable, and enforceable*, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (emphasis added).

The FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). "If the allegations underlying the claims touch matters covered by the parties' arbitration agreement, then those claims must be arbitrated, whatever the legal labels attached to them." *Chelsea Family Pharmacy, PLLC v Medco Health Sols., Inc.*, 567 F.3d 1191, 1198 (10th Cir 2009). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 81 (2000).

Where an arbitration provision is broad, "there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it." *Cummings v. FedEx Ground Package Sys., Inc.*, 404 F.3d 1258, 1261 (10th Cir. 2005) (citing *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.,* 252 F.3d 218, 224 (2d Cir.2001)).

Here, there is no dispute that the each guaranty contains an arbitration clause within the meaning of the FAA. The language of the arbitration provision is very broad, covering "all disputes, claims and controversies between [the parties] whether individual, joint, or class in

nature arising from the Guaranty or otherwise."[12] The underlying disputes, including whether Plaintiffs satisfied or refused to satisfy their obligations under the guaranties, are undoubtedly "arising from the Guaranty or otherwise." To the extent doubt as to the applicability of the arbitration provision existed, the court would still be required to resolve that doubt in favor of arbitrability.

Fore the foregoing reasons, Plaintiffs motion to stay the arbitration is **DENIED**.

**IT IS SO ORDERED**.

DATED this 13th day of November, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[12] *See* docket no. 2-2 at 27.